cc: order,docket, remand letter to          O
Los Angeles Superior Court, No. BC 474196         JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-421-ODW (PJWx) | Date | January 23, 2012 |
|---|---|---|---|
| Title | *Young v. Wachovia Mortgage FSB* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**    **Order REMANDING Action**

      Plaintiff brought this action in state court alleging state law claims arising out of a real estate transaction. Defendants then removed the action here based on diversity jurisdiction. On its own motion, the Court orders this case **REMANDED**.

      Wells Fargo Bank, N.A. (which merged with Wachovia Mortgage FSB) contends its citizenship is limited to South Dakota. The Court finds *Schmidt* does not preclude the approach of considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Further, Ninth Circuit precedent still dictates that national banks are citizens of the "states in which their principal places of business are maintained." *Am. Sur. Co. V. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *see Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011). The Fifth and Seventh Circuits take the same approach. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

      The Court acknowledges, but finds unpersuasive, other courts' interpretation of *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011). This Court takes judicial notice that Wells Fargo's principal place of business is in San Francisco, California.

O
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-421-ODW (PJWx) | Date | January 23, 2012 |
|---|---|---|---|
| Title | *Young v. Wachovia Mortgage FSB* | | |

      Further, Defendants admit that Cal-Western Reconveyance Corp. and Golden West Savings Association Services Co. are both California corporations.  Instead, Defendants argue that these parties are merely nominal parties or are fraudulently joined.  The Court finds this argument unpersuasive at this time.

      If anything, the doubt raised by this disagreement itself counsels in favor of remand. *See*, *e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (removal statute is strictly construed and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Therefore, because of lack of complete diversity, this Court does not have subject matter jurisdiction.  Accordingly, the Court **REMANDS** this action to state court.

IT IS SO ORDERED.

                                                                                            :   00

                                            Initials of Preparer       SE